**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

JEFFREY COHEN, #408-0002
Plaintiff                                              *

    v                                              *        Civil Action No. ELH-14-4020

MICHAEL SHAO, In his personal and official  *
  capacity as Special Agent
KALLIOPI MULLINS-TSERKIS, In her       *
  personal and official capacity as Postal
  Inspector                                          *
MRS. JENNIFER PERRY, In her personal and
  official capacity as Special Agent              *
JOHN DOE(S), Government Line Agents
JANE DOE(S), Government Line AGENT     *

Defendants                                            *

## MEMORANDUM

On December 23, 2014, Jeffrey Cohen, while detained at the Chesapeake Detention

Facility ("CDF") and awaiting trial in this court on various criminal charges, filed a civil action

(ECF 1),[1] pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403

U.S. 388 (1971).[2] He alleged that federal agents violated his Fourth and Fifth Amendment rights

by unlawfully searching and seizing his property without proper authority. ECF 1 at 2. The case

was afforded initial review pursuant to 28 U.S.C. § § 1915, 1915A, and applicable case

precedent, and dismissed without prejudice on January 6, 2015. ECF 2.[3]

---

[1] *See United States v. Cohen,* Criminal No. WDQ-14-310 (D. Md.).

[2] *Bivens*, 403 U.S. at 392, held that lawsuits for damages could be maintained against federal officials for violations of the Constitution.

[3] The civil case was initially assigned to Judge William D. Quarles, Jr. It was reassigned to Judge William Nickerson on January 27, 2016, due to the retirement of Judge Quarles. Then, on September 28, 2017, it was reassigned to Judge J. Frederick Motz, due to the then impending retirement of Judge Nickerson. It was transferred to me on August 7, 2018.

Thereafter, Cohen noted an appeal. ECF 5. On June 22, 2015, the Court of Appeals for the Fourth Circuit vacated the judgment and remanded the case to this court. ECF 9. Cohen's request for indigency status was denied and he subsequently paid the filing fee. ECF 14.

On October 20, 2015, the civil case was stayed, due to the pending criminal case. ECF 15. In December 2015, Cohen pleaded guilty before Judge Quarles to the offenses of wire fraud, aggravated identity theft, making false statements to insurance regulators, and obstruction of justice, all stemming from a massive insurance scam that caused losses exceeding $100,000,000. The conviction, and an aggregate sentence of 444 months of incarceration, were affirmed on appeal on April 25, 2018. *See United States v. Cohen,* 888 F.3d 667 (4th Cir. 2018). Cohen's conviction is deemed final, and it is now appropriate to lift the stay in this civil case.

Mindful that Cohen is a self-represented litigant, I must construe Cohen's Complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the Complaint is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

A civil action for damages or injunctive relief with regard to alleged deficiencies in a plaintiff's criminal case, which necessarily challenges the legality of a conviction, is not cognizable in a *Bivens* action unless and until the conviction is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U. S. 477, 486-87, 489 (1994). This has not occurred. Cohen's attempt to relitigate the findings with regard to his arrest, conviction, and sentence is not appropriate in this forum, and provides no grounds for relief. Therefore, by separate Order which follows, the Complaint shall be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §1915(e).

Cohen is hereby advised that under 28 U.S.C. §1915(g) he will be barred from in forma pauperis status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."


Date: August 7, 2018

_____/s/_____
Ellen L. Hollander
United States District Judge